**[NOT YET SCHEDULED FOR ORAL ARGUMENT]**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

JORGE RIVERA LUJAN, et al.,
    *Petitioners,*

*v.*

FEDERAL MOTOR CARRIER SAFETY
ADMINISTRATION, et al.,
    *Respondents.*

----------------------

MARTIN LUTHER KING, JR. COUNTY,
    *Petitioner,*

*v.*

SEAN P. DUFFY, in his official capacity, et al.,
    *Respondents.*

Nos. 25-1215, -1224

**GOVERNMENT'S MOTION TO HOLD PETITIONS IN ABEYANCE**

    Pursuant to Federal Rule of Appellate Procedure 27 and Local Rule 27, the government respectfully moves to hold these consolidated petitions for review in abeyance pending the promulgation of a final rule in the rulemaking at issue. Petitioners in both cases take no position on the motion

and reserve the right to file a response. In support of the motion, the government states as follows:

1. On September 29, 2025, the Federal Motor Carrier Safety Administration promulgated an interim final rule limiting non-domiciliaries' eligibility to obtain and renew commercial driver's licenses (CDLs). *Restoring Integrity to the Issuance of Non-Domiciled Commercial Drivers Licenses*, 90 Fed. Reg. 46,509, 46,514 (Sept. 29, 2025). The agency solicited comments on the interim final rule for a two-month period ending November 28, 2025. *Id.* at 46,509.

2. On October 20 and October 23, petitioners filed petitions for review of the Rule and, soon thereafter, moved to stay the Rule pending review. The Court granted the motions and stayed the Rule in its entirety on November 13. Absent an abeyance, the government's deadlines to file a certified index to the administrative record will be December 4 (in the *Rivera Lujan* case) and December 8 (in the *King County* case).

3. In anticipation of promulgating a final rule, the government respectfully moves to hold these cases in abeyance. As noted above, the comment period on the interim final rule at issue closes in just nine days, on November 28. The agency intends to review the comments received, respond

2

to those comments (including through changes to the Rule, to the extent appropriate), and issue a final rule. An abeyance will conserve judicial and party resources and promote the efficient and orderly disposition of the pending petitions, including by ensuring the parties do not unnecessarily brief issues rendered moot or otherwise changed by the promulgation of a final rule. In the meantime, petitioners are fully protected by the stay entered by this Court, and thus face no prejudice from an abeyance while the agency issues a final rule.

4. Counsel for the *Rivera Lujan* petitioners state their position as follows: "Petitioners in *Rivera Lujan* take no position on the motion and reserve the right to file a response." Likewise, counsel for King County has informed the undersigned that the County takes no position on the motion and reserves the right to file a response.

        Respectfully submitted,

        BRAD HINSHELWOOD

        */s/ Simon G. Jerome*
        SIMON GREGORY JEROME
        *Attorneys*
        *Civil Division, Appellate Staff*
        *U.S. Department of Justice*
        *950 Pennsylvania Ave., N.W., Room 7209*
        *Washington, D.C. 20530*
        *(202) 514-1673*

NOVEMBER 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with CenturyExpd BT 14-point, a proportionally spaced font with serifs, and the motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 396 words, according to the word count of Microsoft Word.

*/s/ Simon G. Jerome*
Simon G. Jerome

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Simon G. Jerome*
Simon G. Jerome
