Nos. 25-1215, 25-1224

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

Jorge Rivera Lujan, *et al.*,
    Petitioners - Appellants,

v.

Federal Motor Carrier Safety Administration, *et al.*,
    Respondents - Appellees.

Martin Luther King, Jr. County
Petitioner

v.

Sean Duffy, et al.
    Respondents.

On Petition for Review of a Final Rule of the Federal Motor Carrier
Safety Administration

**PROPOSED *AMICUS CURIAE* BRIEF OF FEDERATION FOR
AMERICAN IMMIGRATION REFORM IN SUPPORT OF RESPONDENTS**

Matt A. Crapo
Christopher J. Hajec
Jonathon P. Hauenschild
Federation for American Immigration Reform
25 Massachusetts Ave., NW, Suite 330
Washington, DC 20001
Telephone: (202) 328-7004
mcrapo@fairus.org

Attorneys for *Amicus Curiae*
Federation for American Immigration Reform

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed R. App. Pr. 26.1 and Circuit Rule 26.1, *amicus curiae* Federation for American Immigration Reform makes the following disclosures:

1) For non-governmental corporate parties please list all parent corporations: None.

2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock: None.

3) The following entity has an interest in the outcome of this case: Federation for American Immigration Reform.

/s/ Matt A. Crapo

# CONTENTS

CORPORATE DISCLOSURE STATEMENT ........................................................... i

TABLE OF AUTHORITIES ................................................................................... iii

INTEREST OF AMICUS CURIAE ........................................................................ 1

SUMMARY OF ARGUMENT ............................................................................... 1

ARGUMENT ........................................................................................................... 2

    Petitioners cannot demonstrate any likelihood of success because they do not qualify for non-domiciled CDLs ................................................................................ 2

CONCLUSION ........................................................................................................ 6

# TABLE OF AUTHORITIES

**CASES**

*AFL-CIO v. Donovan*,
　757 F.2d 330 (D.C. Cir. 1985)................................................................................3

*Batterton v. Francis*,
　432 U.S. 416 (1977)................................................................................................3

**STATUTES**

49 U.S.C. § 31302................................................................................................2, 3

49 U.S.C. § 31308......................................................................................................2

49 U.S.C. § 31311......................................................................................................3

**OTHER AUTHORITIES**

90 Fed. Reg. 46509 ...................................................................................................2

**REGULATIONS**

49 C.F.R. § 383.23 ....................................................................................................3

49 C.F.R. § 383.5 ......................................................................................................2

49 C.F.R. § 383.71 .................................................................................................2, 5

49 C.F.R. § 383.73 ....................................................................................................2

# INTEREST OF AMICUS CURIAE[1]

*Amicus curiae* Federation for American Immigration Reform (FAIR) is a nonprofit corporation and membership organization that was founded in 1979 and has its principal place of business in Washington, D.C. FAIR's mission is to inform the public about the effects of both unlawful and lawful immigration, and to defend American citizens, American workers, and the nation's environment by limiting overall immigration, enhancing border security, and ending illegal immigration. FAIR has been involved in more than 100 legal cases since 1980, either as a party or *amicus curiae*, with the aim of protecting all Americans against the substantial harms of mass migration and illegal immigration.

# SUMMARY OF ARGUMENT

Petitioners challenge the Department of Transportation's Interim Final Rule ("IFR") amending a handful of regulations related to commercial driver's license ("CDL") standards. Federal law limits the issuance of CDLs to individuals who are domiciled in the State in which they seek the license. The same law, as implemented in the regulations promulgated under that law, then provides only one relevant exception: an individual may obtain a non-domiciled CDL in another State

---

[1] No counsel for a party in this case authored this brief in whole or in part, and no such counsel or party made a monetary contribution intended to fund the preparation of this brief. No person other than *amicus curiae*, its members, or its counsel made a monetary contribution to the preparation or submission of this brief.

1

if the individual is domiciled in a State that is incapable of issuing CDLs. That condition does not apply here, as no Petitioner is domiciled in such a State. Since the Petitioners do not fall into the narrow category created for non-domiciled CDLs, they are ineligible for such CDLs and are unlikely to succeed on the merits. This Court should therefore deny their Emergency Motions to Stay.

## ARGUMENT

### Petitioners cannot demonstrate any likelihood of success because they do not qualify for non-domiciled CDLs

The IFR amends the standards for obtaining CDLs and specifically revises how applicants must prove they are legally in the country. *See generally* 90 Fed. Reg. 46509. Among other provisions, the IFR amends 49 C.F.R. § 383.5 (relating to definitions and the phrase "Evidence of lawful immigration status"), 49 C.F.R. § 383.71(f) (related to the documentary proof required to obtain a non-domiciled CDL), 49 C.F.R. § 383.73 (procedures States must follow when issuing CDLs and non-domiciled CDLs).

The IFR does not otherwise modify a statutory scheme in place since 1994 and regulations in place since 2011. In that statutory scheme, Congress prohibits individuals from operating commercial motor vehicles on the nation's highways without a valid CDL and empowers the Secretary of Transportation to prescribe regulations on minimum uniform standards for the issuance of CDLs. 49 U.S.C. §§ 31302, 31308. Congress has also limited commercial drivers to having "only

one driver's license at any time." *Id.* § 31302. Under this statutory scheme, States may issue CDLs only to individuals "domiciled in the State." *Id.* at § 31311(a)(12)(A). Congress created only one relevant exception to this domicile requirement: "Under regulations prescribed by the Secretary [of Transportation], the State may issue a commercial license to an individual who—(i) operates or will operate a commercial motor vehicle; and (ii) *is not domiciled in a State that issues commercial driver's licenses*." 49 U.S.C. § 31311(a)(12)(B) (emphasis added). The regulations promulgated under this exception are substantively similar to the statute, permitting a State to issue non-domiciled CDLs to individuals only when "an individual *is domiciled in a State* while that State is prohibited from issuing CDLs in accordance with [49 C.F.R.] § 384.405 …." 49 C.F.R. § 383.23(b)(1) (emphasis added). These regulations have the force and effect of law. *See Batterton v. Francis*, 432 U.S. 416, 425 n.9 (1977) (explaining that substantive regulations implementing a statute have "the force and effect of law") (internal quotation marks omitted); *see also AFL-CIO v. Donovan*, 757 F.2d 330, 341 (D.C. Cir. 1985) ("Where Congress delegates, explicitly or implicitly, to an administrative agency the authority to give meaning to a statutory term or to promulgate standards or classifications, the regulations adopted in the exercise of that authority enjoy legislative effect.") (citations omitted).

By their own admissions in their declarations, none of the Petitioners with non-domiciled CDLs live in a State prohibited from issuing CDLs. Mr. Lujan admits that he is the owner-operator of his own business, which is a "Utah-based trucking company" and that he holds "a non-domiciled [CDL], issued by the State of Utah" and all his interactions with the Utah Department of Motor Vehicles have been in person. *Lujan v. Federal Motor Carrier Safety Administration* (Docket No. 25-1215), Emergency Motion for a Stay Pending Review, Document No. 2142017 ("*Lujan* Emergency Motion"), Addendum 3 at ¶¶ 1-2, 8. Mr. Lujan admits to entering the country when he was two years old and to holding a non-domiciled CDL for 11 years. *Id.* at ¶¶ 3, 5.

Similarly, Petitioner Aleksei Semenovskii claims that he is the owner-operator of a Pennsylvania-based trucking company, called SEOLAEXPRESS LLC, and that he has a non-domiciled CDL issued by the State of Pennsylvania. Addendum 4 to *Lujan* Emergency Motion, at ¶¶ 1, 3-4. Mr. Semenovskii admits that he is an asylum seeker who has been in the United States since 2019 and holding a non-domiciled CDL for the past 5 years. *Id.* at ¶¶ 2-3. Petitioner John Doe, while he does not provide his place of employment, admits to working for the City of Mercer Island in Washington State, where he operates "heavy vehicles including dump trucks, a street sweeper, and a snowplow" and to having a non-domiciled CDL from the State of Washington. Addendum 6 to *Lujan* Emergency

4

Motion at ¶¶ 1-3. John Doe does not indicate when he entered the Country but admits to holding a non-domiciled CDL from Washinton since 2019. *Id.* at ¶¶ 3-4.

For purposes of CDL applicants, neither the statute nor the regulations define "domicile," but it does not matter in this case. Whatever the meaning of "domicile," it is undisputed that no Petitioner with a non-domiciled CDL is domiciled in a State that is prohibited from issuing CDLs. Indeed, if these Petitioners are domiciled anywhere in the United States, it appears to be in the States that issued them non-domiciled CDLs, and these States, obviously, are not prohibited from issuing CDLs. It follows that none of these Petitioners may receive a non-domiciled CDL according to the regulations that implement this statute. Nor, for that matter, can these Petitioners obtain a resident or "domiciled" CDL in any State, because, to do so, they would have to show that they are either citizens of the United States or lawful permanent residents. *See* 49 C.F.R. § 383.71(b)(9) (Table 1).

Because Petitioners, by their own admission, do not meet the regulatory requirements for obtaining non-domiciled CDLs, they have no likelihood of success on the merits, and the Emergency Motions to Stay should be denied.

# CONCLUSION

For the reasons stated herein, this Court should deny the Emergency Motions to Stay.

DATED: October 31, 2025

Respectfully submitted,

/s/ Matt A. Crapo
Matt A. Crapo
Christopher J. Hajec
Jonathon P. Hauenschild
Federation for American Immigration Reform
25 Massachusetts Ave., NW, Suite 330
Washington, DC 20001
Telephone: (202) 328-7004

Attorneys for *Amicus Curiae*
Federation for American Immigration Reform

# CERTIFICATE OF COMPLIANCE

1. The foregoing brief complies with the type-volume limitation of Fed. Fed. R. App. P. 29(a)(5) because this brief contains 1,628 words, including footnotes, but excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Times New Roman 14-point font.

/s/ Matt A. Crapo

# CERTIFICATE OF SERVICE

I certify that on October 31, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ECM/ECF system. All parties were served electronically through the ECM/ECF system.

/s/ Matt A. Crapo