**[ORAL ARGUMENT NOT SCHEDULED]**

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Jorge Rivera Lujan, et al., <br>             Petitioners, <br><br> v. <br><br> Federal Motor Carrier Safety <br> Administration, et al., <br>             Respondents. | No. 26-1032 <br> (Consolidated with <br> Nos. 25-1215, 25-1224) |

## JOINT MOTION TO SEVER AND
## LIFT THE ABEYANCE AS TO NO. 26-1032

Petitioners and Respondents in Nos. 25-1215 and 26-1032 respectfully jointly move this Court to sever No. 26-1032 from the consolidated cases and to lift the abeyance in No. 26-1032.[1]

## BACKGROUND

On October 20, 2025, Petitioners here, who are also Petitioners in No. 25-1215, filed a petition for review challenging an interim final rule

---

[1] Counsel for Petitioners in Nos. 26-1032 and 25-1215 reached out to counsel for King County, Petitioner in consolidated case No. 25-1224, with respect to this motion. Petitioner King County's counsel advised that King County does not oppose the relief requested in this motion and agrees that the petition in No. 25-1224 should remain in abeyance.

of the Federal Motor Carrier Safety Administration (FMCSA) entitled "Restoring Integrity to the Issuance of Non-Domiciled Commercial Drivers Licenses (CDLs)," 90 Fed. Reg. 46509 (Sept. 29, 2025), as corrected 90 Fed. Reg. 47627 (Oct. 2, 2025). *See Rivera Lujan et al. v. FMCSA et al.*, No. 25-1215. This Court consolidated that case with *Martin Luther King, Jr. County v. Duffy et al.*, No. 25-1224.

On November 13, 2025, this Court granted Petitioners' emergency motion to stay the interim final rule.

On November 19, 2025, Respondents filed an unopposed motion to hold the consolidated cases in Nos. 25-1215 and 25-1224 in abeyance pending FMCSA's promulgation of a final rule. The Court granted Respondents' abeyance motion and has held the cases in abeyance, pending further order of the Court. In addition, the Court ordered the parties to file motions to govern further proceedings in the consolidated cases within 30 days of the completion of the agency proceedings.

On February 11, 2026, Respondents filed for public inspection a final rule titled "Restoring Integrity to the Issuance of Non-Domiciled Commercial Drivers Licenses (CDL)." Respondents published the final

rule in the Federal Register on February 13, 2026. 91 Fed. Reg 7044. The final rule has an effective date of March 16, 2026.

On February 12, 2026, Petitioners filed a petition for review of the final rule. *See Rivera Lujan et al. v. FMCSA et al.*, No. 26-1032. On the Court's own motion, that petition was consolidated with the petitions challenging the interim final rule. And because those petitions are being held in abeyance, the Court ordered the newly consolidated case in No. 26-1032 also to be held in abeyance.

## ARGUMENT

The parties jointly request that the Court sever No. 26-1032 from the consolidated cases, Nos. 25-1215 and 26-1032, and lift the abeyance in No. 26-1032. Unlike the other two cases, No. 26-1032 challenges a final rule issued by Respondents last week. That rule involves a different rulemaking record than the earlier petitions. Moreover, the Court held the petitions challenging the interim final rule in abeyance to allow the agency to complete the rulemaking. That purpose is not served by holding the challenge to that final rule in abeyance. Further, because the final rule has an effective date of March 16, Petitioners ask that the challenge

to the final rule no longer be held in abeyance to enable them to file a motion to stay the effective date of the final rule.

In addition, to promote judicial economy, the parties request that the Court continue to hold No. 25-1215 in abeyance pending this Court's disposition of the case in No. 26-1032, and that the Court order the parties to file motions to govern future proceedings in No. 25-1215 within 30 days of the Court's disposition of No. 26-1032.

## CONCLUSION

For the foregoing reasons, the parties respectfully jointly request that the Court sever No. 26-1032, order that No. 26-1032 be returned to the Court's active docket, continue to hold No. 25-1215 in abeyance, and order the parties to file in No. 25-1215 motions to govern further proceedings within 30 days of the Court's disposition of No. 26-1032.

Respectfully submitted,

BRAD HINSHELWOOD

/s/ *Simon G. Jerome*
SIMON GREGORY JEROME

Civil Division, Appellate Staff
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 7209
Washington, D.C. 20530
(202) 514-1673
simon.g.jerome@usdoj.gov


*Counsel for Respondents in*
No. 26-1032 and 25-1215

/s/ *Wendy Liu*
Wendy Liu
Cormac Early
Allison M. Zieve
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
wliu@citizen.org

*Counsel for All Petitioners in*
No. 26-1032 and 25-1215


Teague Paterson
Matthew Blumin
American Federation of
  State, County &
  Municipal Employees,
  AFL-CIO
1625 L Street NW
Washington, DC 20036
(202) 775-5900

*Counsel for Petitioner AFSCME
in* No. 26-1032 and 25-1215


Daniel McNeil
Channing Cooper
American Federation of Teachers,
  AFL-CIO
555 New Jersey Avenue NW
Washington, DC 20001
(202) 879-4400

*Counsel for Petitioner AFT in*
No. 26-1032 and 25-1215

February 17, 2026

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by the Federal Rules of Appellate Procedure and this Court's rules, this document contains 628 words, as calculated by Microsoft Word 365.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface, 14-point Century Schoolbook, using Microsoft Word 365.

/s/ *Wendy Liu*
Wendy Liu

## CERTIFICATE OF SERVICE

I hereby certify that, on February 17, 2026, the foregoing document was served through the Court's ECF system on counsel for all parties.

/s/ *Wendy Liu*
Wendy Liu